UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID J. SLATTON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:11-CV-1307-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, David J. Slatton, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Period of Disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Slatton timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Slatton was forty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 33.) His past work experiences include employment as meter reader, yard supervisor, material

handler, and wire cutter. (Tr. at 24, 41.) Mr. Slatton claims that he became disabled on September 24, 2004, but later amended his onset date to December 31, 2007, due to a diagnosis of reflex sympathetic dystrophy ("RSD") or complex regional pain syndrome ("CRPS") affecting the left ankle with a history of ankle sprain, back pain, and obesity. (*Id.* at 16, 18)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Slatton meets the nondisability requirements for a period of disability and DIB and was insured through December 31, 2009. (Tr. at 18.) He further determined that Mr. Slatton has not engaged in substantial gainful activity since the alleged onset of his disability. *Id.* According to the ALJ, Plaintiff's diagnoses of RSD or CRPS affecting his left ankle

with a history of ankle sprain, back pain, and obesity are considered "severe" based on the requirements set forth in the regulations. *Id.* However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 19.) The ALJ did not find Mr. Slatton's allegations of pain to be totally credible, and he determined that he "has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional restrictions: he is limited to standing and walking no more than 1 ½ hours during a working day, with being on his feet no more than 15 minutes at a time. He would not be able to climb ropes, ladders or scaffolding or work at unprotected heights or around dangerous, unguarded, moving machinery. His ability to walk up and down a flight of stairs would be limited to one trip up and down a day." *Id.*

According to the ALJ, Plaintiff is unable to perform any of his past relevant work. *Id.* at 24. Plaintiff is a "younger individual" as that term is defined by the regulations. *Id.* The ALJ determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." *Id.* If Plaintiff had the RFC to perform the full range of sedentary work, the ALJ would have applied Medical-Vocational Rules 201.21

and 201.28; however, because Plaintiff can perform sedentary work with limitations, the ALJ consulted a vocational expert to determine that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as: clerk, assembler, and inspector. (*Id.* at 24-25.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 31, 2007 through the date of this decision." *Id.*

II.   Standard of Review.

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported

by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Slatton alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he contends that the ALJ's evaluation of the credibility of his subjective complaints of pain failed to comply with both the Eleventh Circuit's pain standard and Social Security Ruling ("SSR") 96-7p. (Doc. 8 at 8-10.) Second, Plaintiff contends that the ALJ failed to afford proper weight to the opinion of the treating physician, Dr. David Cosgrove. *Id.* at 10.

   A.   Subjective Pain Standard

Plaintiff alleges that the ALJ's decision should be reversed and remanded because he believes that the ALJ failed to articulate reasons for refusing to credit his pain testimony that were supported by substantial evidence. (Doc. 8 at 8-10.) Specifically, he alleges that the ALJ's decision contains no indication of the proper application of the subjective pain standard, and that he clearly meets the pain standard. *Id.* at 10.

A claimant's subjective testimony of pain and other symptoms will support a finding of disability if it is supported by medical evidence that satisfies the pain standard and is not discredited by the ALJ. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To satisfy the pain standard, a claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that it can reasonably be expected to give rise to the alleged pain." *Id.* at 1560; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once the pain standard is satisfied, the ALJ must consider a claimant's subjective testimony of pain and other symptoms. *Foote*, 67 F.3d at 1560; *see also Minter v. Astrue*, 722 F. Supp. 2d 1279, 1282 (N.D. Ala. 2010) (finding that "if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found

disabled unless that testimony is properly discredited."). If the ALJ discredits the claimant's subjective testimony of pain and other symptoms, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); see also Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). "Although [the Eleventh Circuit] does not require an explicit finding as to credibility . . . the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). The ALJ is not required to cite "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection that is insufficient to enable this Court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.*

Plaintiff contends that the ALJ "overlooked" the debilitating pain that results from the plaintiff's diagnosis of RSD and CRPS. (Doc. 8 at 8.) In fact, the ALJ acknowledged the plaintiff's RSD and CRPS in his decision, and he noted that these ailments would cause pain. (Tr. at 20.) However, the ALJ continued his analysis using the pain standard, and determined that the plaintiff's complaints of pain were not credible; thus, the plaintiff's alleged pain did not satisfy the pain standard. *Id.*

The ALJ's finding that the plaintiff's allegations of pain were not credible is supported by substantial evidence. The plaintiff's Functional Capacity Evaluation ("FCE") performed by a physical therapist showed that he had no functional limitations in his hands and was able to lift in the medium exertional range. *Id.* at 171-174. None of the tasks he undertook were "self-restricted." *Id.* at 168. The FCE showed that the plaintiff did have walking limitations due to his slow pace. *Id.* Plaintiff had a good range of motion and muscle strength throughout his body with the exception of his left ankle. *Id.* at 176. The ALJ also noted that the plaintiff's pain ratings did not increase during the demanding activities of testing. *Id.* at 21.

The plaintiff reports a pain level of eight out of ten and nine out of ten, a near "emergency" level of pain (a pain level of ten is equivalent to placing one's hand in fire). *Id.* at 20, 186. But because the plaintiff was capable of performing a medium range of work without interruption from the severe pain he alleged, the ALJ was correct in his assessment that the plaintiff's pain was not fully credible. The objective medical evidence from the plaintiff's FCE shows that the plaintiff's pain is not debilitatingly severe.

Plaintiff was diagnosed with RSD by Dr. Bromberg on September 7, 2005. *Id.* at 157. However, despite regularly reporting pain levels of eight out of ten in his ankle, the plaintiff showed no outward signs of severe pain. *Id.* at 163. Dr. Kirchner reported

Plaintiff to be a "pleasant gentleman in no acute distress," and that he had only a "little bit of swelling around the medial side of his ankle," but an X-ray revealed no abnormalities. *Id.* at 163-64. Since the plaintiff's RSD diagnosis shows no medical evidence to support an assertion that it is severe enough to reasonably cause the alleged pain, the ALJ's determination that the plaintiff's pain was not credible is supported by substantial evidence. This court will not substitute its judgment for that of the ALJ's when, as here, it is supported by substantial evidence.

### B.   Weight of Treating Physician's Opinion

Plaintiff alleges that the ALJ's decision should be reversed and remanded because he believes that the ALJ failed to afford proper weight to the opinion of the treating physician, Dr. David Cosgrove. (Doc. 8 at 10.) Specifically, he alleges that if the ALJ had properly considered the opinion of Dr. Cosgrove, he would have been found disabled. *Id.* at 11.

A treating physician's testimony is entitled to "'substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The weight to be afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the

claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight " when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); see also *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not

determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. See, e.g., 20 C.F.R. § 404.1546©.

In this case, the ALJ had good cause to assign little weight to Dr. Cosgrove's opinion because it was inconsistent with his own records and not supported by the evidentiary record as a whole. Dr. Cosgrove completed a "Clinical Assessment of Pain" form on November 18, 2009, opining that Plaintiff's pain was present and found to be intractable and virtually incapacitating, physical activity increased his pain to such an extent that bed rest, medication, or both were necessary, he will be totally restricted and thus unable to function at a productive level of work based on the side effects of his prescribed medication, and he had an underlying medical condition consistent with the pain he experiences. (Tr. at 322-23.) In a contemporaneous "Physical Capacities Evaluation" form, Dr. Cosgrove opined that Plaintiff could only lift up to five pounds occasionally, must be able to alternate positions at will and lie down or elevate his leg, and required a brace that would be intolerable to wear. *Id.* at 321. This opinion is inconsistent with Dr. Cosgrove's own reports and the medical staff's reports at PainSouth.

Plaintiff's examination reports from PainSouth, signed by Dr. Cosgrove between December 12, 2007, and November 5, 2009, indicate that he only had a slightly antalgic gait, was able to stand without difficulty and ambulate without the use

of an assistive device, the range of motion in his left ankle and the strength of his left lower extrimity had only slightly decreased with dorsiflexion and plantar flexion, he had normal tone and no atrophy in both of his lower extremities, and his attention and concentration abilities were normal. *Id.* at 223, 226, 265, 268, 271, 274, 277, 280, 283, 286, 303, 307. Additionally, in an office note signed by Dr. Cosgrove on October 17, 2006, he noted that Plaintiff's appearance did not support his subjective pain rating of eight on a scale of one to ten. *Id.* at 234. Furthermore, examination reports throughout Plaintiff's treatment indicated that the pain medication he was taking was effective. *Id.* at 264, 267, 270, 273, 276, 279, 282, 285, 302, 306. These reports do not indicate that Plaintiff's pain was as severe as Dr. Cosgrove opined in the "Clinical Assessment of Pain" and "Physical Capacities Evaluation" forms. Because Dr. Cosgrove's opinion is inconsistent with his own records and not supported by the evidentiary record as a whole, the ALJ had good cause to assign it little weight. Therefore, the ALJ properly considered the opinion of Plaintiff's treating physician.

IV.  Conclusion.

Upon review of the administrative record, and considering all of Mr. Slatton's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered affirming the decision of the Commissioner of the Social Security Administration.

Done this 17th day of August 2012.

                                              L. SCOTT COOGLER
                               UNITED STATES DISTRICT JUDGE

                                                                                  171032